**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

ITEC FINANCIAL, INC.,

              Plaintiff,

   v.

RACEWAY PARK, LLC,

              Defendant.

Case No. 18-cv-4962

Honorable Judge Edmond E. Chang

**CONTESTED EMERGENCY MOTION TO COMPEL PRODUCTION OF**
**DOCUMENTS IN SUPPORT OF PROPERTY TAX APPEAL & FOR TURNOVER OF**
**THE PROPERTY**

Defendant Raceway Park, LLC ("Raceway"), by and through its attorneys, Lavelle Law,

Ltd., hereby submits its Contested Emergency Motion to Compel Production of Documents in

Support of Property Tax Appeal & for Turnover of the Property (the "Motion") against Plaintiff

Itec Financial, Inc. ("Itec" or "Plaintiff"), and respectfully states as follows:

**INTRODUCTION**

Raceway respectfully requests that this Court order Itec to immediately turnover certain

documents so that Raceway may appeal the real estate taxes on the Property. Despite Raceway's

continual requests, both this year and last year, that Itec supply various documents in support of

the tax appeal on the Property, Itec has wholly failed to cooperate. Last year, due to Itec's failure

to cooperate, the Property's real estate taxes are estimated to increase in the amount of $90,000

per year. Itec's inaction and failure to cooperate has caused the Property to incur unnecessary

expenses, which may negatively impact the Property for years to come. If Itec fails to provide the

documents requested in the Document Request on or before March 27, 2020, the real estate taxes

on the Property are expected to exponentially increase thereby causing Raceway irreparable damage as well as cause to file this Motion on an emergency basis.

In addition, Raceway requests that this Court order Itec to turnover the Property to Raceway so that Raceway can begin collecting rents and managing the Property because this Court terminated Itec's Motion to Appoint Mortgagee in Possession and granted Raceway's Motion to Enforce the Loan Modification Agreement in large part.

## STATEMENT OF FACTS

1. On July 20, 2018, Itec filed its Complaint for foreclosure and for breach of the note against Raceway, which it amended on July 25, 2018. The property, which is the subject of this litigation, is located at 13023 through 13047 S. Ashland Avenue, Calumet Park, IL 60827 (the "Property"). See Docket No. 1, 8.

2. Prior to Raceway being properly served with this lawsuit and Raceway retaining counsel, Itec filed a Motion to Appoint Mortgagee in Possession, which this Court granted on August 9, 2018. See Docket No. 13, 14.

3. After Raceway filed its Motion to Vacate the Order of Possession informing this Court that Itec never served Raceway, this Court vacated the Order of Possession on August 30, 2018. See Docket No. 17, 22.

4. From approximately August 2018 when this Court first granted Itec's Motion to Appoint Mortgagee in Possession through current time, Itec has been managing the property, collecting all rents, and handling leases, extensions, amendments and renewals. To the best of Raceway's knowledge, Itec has also been applying portions of the rent money to pay expenses, including real estate taxes. See Affidavit of Cliff DiLorenzo ("Aff"), ¶ 2, attached hereto as **Exhibit A.**

5.      From approximately August 2018 through February 2019, the parties negotiated a settlement.

6.      In February 2019, after negotiating and agreeing as to the settlement, Itec backed out of the settlement.

7.      On March 15, 2019, Itec filed another Motion to Appoint Mortgage in Possession. See Docket No. 40.

8.      On March 22, 2019, Raceway filed its Motion to Enforce Loan Modification Agreement. See Docket No. 46.

9.      On July 16, 2019, Raceway sent an email to Itec via its President, Nina Patel ("Patel"), the same individual that negotiated the settlement with Raceway. Raceway's email requested that Itec supply Raceway with various documents including rent rolls, financial statements, utility bills, rental listings, etc. in order to supply the same to Raceway's tax counsel at Schmidt Salzman & Moran, Ltd. ("Schmidt") to appeal the real estate taxes on the property. Raceway has been successfully appealing the real estate taxes with Schmidt as its counsel for years. See Ex. A (Aff), ¶ 3 and the email, attached hereto as **Exhibit B**.

10.     On July 17, 2019, after not receiving any response to past inquiries, Raceway provided its tax counsel, Schmidt, with Itec's contact information so that Schmidt could contact Itec directly to coordinate the tax appeal. However, Itec continued to refuse to cooperate and participate in the tax appeal stating that Itec is "not the owner" of the property.  See Ex. A (Aff), ¶ 4.

11.     When Itec failed to respond to Raceway and to cooperate with Schmidt, Raceway sent another email/letter to Itec on August 13, 2019 informing it that the real estate taxes for the property were about to "significantly increase[]" and that this increase would "seriously impact

existing tenants, future leasing, ownership, and the Village's sales and real estate tax revenue." Raceway urged Itec to cooperate stating that the failure to appeal the real estate taxes could result in the taxes increasing by $81,000 per year. However, Itec failed to respond to Raceway and now, Raceway is certain that Itec did not appeal the taxes thereby causing the Property to incur unnecessary expense, which could affect the Property for years to come. See Ex. A (Aff), ¶ 5 and the email/letter, attached hereto as **Exhibit C**.

12.     On January 28, 2020, this Court granted Raceway's Motion to Enforce Loan Modification Agreement in "large part" indicating that the only remaining issue was the materiality of the proposed CAM term, which this Court will address after an evidentiary hearing. See Docket No. 66.

13.     The monetary terms of the settlement enforced by this Court are as follows:

   a.   $1.6MM in principal payments;

   b.   $10,000 per month for a period of 7 months (the "Loan Modification Period");

   c.   An exit fee of $1.6MM payable to Itec *if and only if* Raceway refinances or sells the property within the Loan Modification Period.

14.     In that same Order dated January 28, 2020, this Court terminated Itec's Motion to Appoint Mortgagee in Possession without prejudice. However, Itec has been in possession of the property since approximately August 2018. See Docket No. 66.

15.     On February 14, 2020, Schmidt sent an email to Itec requesting a variety of documents (the "Document Request") necessary to file the tax appeal for this year in 2020. See Ex. A (Aff), ¶ 6 and email attaching the Document Request, attached hereto as **Exhibit D**.

16.     On February 20, 2020, counsel for Raceway sent a letter to Itec's counsel seeking its cooperation in appealing the real estate taxes this year explaining that due to Itec's failure to cooperate with Raceway and coordinate the tax appeal with Schmidt last year, the real estate taxes on the property were estimated to substantially increase. In support, Raceway's counsel attached the emails/letters dated July 16, 2019 and August 13, 2019, attached hereto as Exhibit B & C. Raceway's counsel attached Schmidt's Document Requests, which were already sent to Itec with no response, requesting that Itec's counsel coordinate with Itec to supply the same. See letter from Raceway to Itec and Schmidt's document request, attached hereto as **Exhibit E.**

17.     As Raceway's counsel never received any response from Itec's counsel to the letter dated February 20, 2020, on March 9, 2020, Raceway's counsel sent an email to counsel for Itec indicating that the tax appeal is time sensitive and that accordingly, absent a response from Itec, Raceway would be filing the instant Motion. See email from Raceway's counsel to Itec's counsel, attached hereto as **Exhibit F.**

18.     Later that same day, Itec's counsel left a voicemail for Raceway's counsel and the very next morning on March 10, 2020, Raceway's counsel promptly returned the call and left a voicemail for Itec's counsel.

19.     Later in the day on March 10, 2020, counsel for Raceway followed up with Itec's counsel again via email indicating that she returned his call and had not heard back yet. Accordingly, Raceway's counsel suggested some available times for a telephone conference; however, Raceway's counsel did not receive any response from Itec's counsel. See email from Raceway's counsel to Itec's counsel, attached hereto as **Exhibit G.**

20.     As Raceway was preparing to file this Motion, Itec's counsel left another voicemail for Raceway's counsel on March 13, 2020 stating that he would be available to talk after 3pm that

day. Accordingly, Raceway's counsel called Itec's counsel just after 3pm on March 13, 2020. Itec's counsel did not answer and Raceway's counsel left a voicemail.

21.     Right after Raceway's counsel left a voicemail for Itec's counsel, Raceway's counsel followed up with an email to Itec's counsel attempting to connect with him. In that email, Raceway also requested that Itec respond indicating whether Itec objected to the Motion as required by this Court's Standing Order; however, Itec's counsel did not respond. See email, attached hereto as **Exhibit H**.

22.     At present time, Raceway has not received any substantive response from Itec regarding appealing the taxes and Itec has failed to supply any of the documents requested in the Document Requests. See Ex. A (Aff), ¶ 7.

23.     As Itec has failed to respond to the Document Requests and to communicate with Raceway, Raceway has been unable to determine whether Itec has an objection to this Motion as required by this Court's Standing Order. Since February 20, 2020, Itec's counsel has been on notice of Raceway's intent to file the instant Motion if Itec failed to respond and satisfy the Document Requests. To timely file the tax appeal, Raceway was forced to file this Motion seeking this Court's intervention due to Itec's unresponsiveness. See Ex. E (Ltr & Document Requests to Itec dated 2/20/20).

24.     Due to the time constraints associated with the tax appeal, Raceway requests that this Court intervene and order Itec to immediately supply the requested documents required to appeal the taxes. Schmidt has informed the undersigned that if they must have all of these documents on or before March 27, 2020 to timely prepare and file the tax appeal. See Ex E (ltr & Document Requests).

25.     Further, Raceway requests that this Court order Itec to turn the property over to Raceway so that it may manage the property as this Court terminated Itec's Motion to Appoint Mortgagee in Possession and granted Raceway's Motion to Enforce the Loan Modification Agreement.

## ARGUMENT

This Court should grant Raceway's Motion and order Itec to immediately turnover the documents requested in the Document Request from Schmidt. Schmidt has informed the undersigned that if it does not have all of the documents requested by March 27, 2020, it will not have time to prepare and file the tax appeal resulting in the Property and Raceway being damaged even further. Itec's failure to provide these documents when requested last year caused an estimated increase in the real estate taxes on the Property in the amount approximately $90,000. If Raceway is unable to appeal the taxes this year, the taxes will further increase thereby causing more damage to Raceway and the Property.

Further, this Court should grant this Motion and order Itec to immediately turnover the Property as well as all management responsibilities to Raceway. This Court vacated the Order of Possession it initially granted in favor of Itec back in August 2019 because Itec failed to even serve Raceway with the Complaint prior to seeking this relief. Further, this Court granted Raceway's Motion to Enforce Loan Modification Agreement and simultaneously, terminated Itec's most recent Motion to Appoint Mortgagee in Possession in January 2020. Accordingly, Itec should not be in possession of the Property as expressly ordered by this Court. Raceway respectfully requests that this Court grant the instant Motion.

WHEREFORE, Raceway respectfully requests that this Court enter into an Order awarding the following relief to Raceway:

A.    Granting Raceway's Contested Emergency Motion to Compel Production of Documents in Support of Property Tax Appeal & for Turnover of the Property;

B.    Ordering Itec to immediately produce all of the documents requested in the Document Request (Ex. F) on or before March 23, 2020;

C.    Ordering Itec to immediately turnover management of the Property to Raceway;

D.    Any additional relief this Court deems necessary and just.

Respectfully Submitted,

RACEWAY PARK, LLC

By:    /s/ Jennifer B. Tee_____
One of Its Attorneys

Jennifer B. Tee (ARDC No. 6292487)
Lavelle Law, Ltd.
141 W. Jackson, Suite 2800
Chicago, Illinois 60604
Phone: 312-888-4111
Fax: 312-658-1430
jtee@lavellelaw.com
S:\2001-2250\2004\ITEC v. RACEWAY\Pleadings\Motion re RE Taxes.3.10.20.docx