IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) 17 CR 822 |
| | ) Judge Edmund E. Chang |
| JOSE FLORES | ) |
| | ) 20 CV 01792 |
| | ) Emergency Judge |
| | ) |

EMERGENCY MOTION
FOR PRETRIAL RELEASE ON CONDITIONS

Defendant, JOSE FLORES by the FEDERAL DEFENDER PROGRAM and its attorney PIYUSH CHANDRA, moves this Court to release the defendant on conditions pursuant to 18 U.S.C. § 3142(c) as Mr. Flores now presents a reduced risk of being a danger to the community as required by 18 U.S.C. § 3142(g). In support of this motion, defendant states the following:

1. On December 22, 2017, this Honorable Court detained Mr. Flores pursuant to 18 U.S.C. § 3142 (g). Mr. Flores has been in custody on this matter for approximately two years and three months. This period of incarceration has had a profound impact on him, his common law wife, and children. Mr. Flores expresses that he has no desire to violate any condition of release that the court imposes. He

further understands that this court may ultimately sentence him, and the court will consider heavily both his positive behaviors on release and any negative behavior. Outside of his personal desire to prove to the court that he can now be a prosocial member of society, he understands that if he doesn't this court will likely increase any sentence he might receive. After over two years in custody, these factors now establish there is no longer clear and convincing evidence that he presents a danger to the community.

2. Unlike many defendants, Mr. Flores, is fortunate to have a stable home to reside at in the community. He would reside with his fiancé, Carla Galvan, and two children. Mr. Flores and Ms. Galvan have been in a stable relationship for 16 years. His parents reside in, and own, the same building. The residence is stable. Ms. Galvan is now fully aware of the events that led up to Mr. Flores arrest, and will therefore be an excellent third party custodian in helping this court to monitor his behavior if he is placed on conditions of release.

3. Ms. Galvan is currently employed as case manager for the social service department at the University of Chicago hospital trauma center. Do to coronavirus restrictions implemented by her employer she works primarily at home. She agrees to report to U.S. Pretrial Services and violations of a conditions of release. She is willing to act as a third party custodian for Mr. Flores.

2

4. Further, and as noted in the Presentence Investigation Report (PSR, §107). Mr. Flores has a history of the respiratory disease, asthma. He has not required the use of an inhaler, but he does suffer from periods of shortness of breath. While his asthma condition may be mild to moderate at this point, it is a lung disease making him particularly sensitive for getting very sick from the Covid-19 virus leading to pneumonia and acute respiratory failure.[1] He therefore is at a very high risk of needing intensive medical care if he were to become infected by Covid-19.

5. Mr. Flores and Ms. Galvan have son's ages 7 and 11. According to Ms. Galvan, the 7 year old suffers from asthma and she has been very concerned about his exposure to Covid-19 when she brings him back and forth to the baby sitter when she is required to go to work (she works from home approximately 70% of the time). Mr. Flores would be responsible for caring for both their son's when Ms. Galvan is out of the home for work, which in turn provides a further and significant incentive for his compliance. Mr. Flores would be ensuring his 7 year old son's safety by ensuring his son remains indoors during this pandemic crisis.

6. As this court is aware, there is a pending motion to suppress evidence hearing now scheduled for May 18, 2020. The current regulations at the MCC

---

[1] Centers for Disease Control and Prevention, People with Moderate to Severe Asthma, available at: https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/asthma.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fspecific-groups%2Fasthma.html (last checked April 9, 2020). According to the Bureau of Prison's website, as of April 9, 2020, four Chicago MCC staff members have tested positive for coronavirus.

related to the current corona virus pandemic, as well as State of Illinois's social distancing guidelines, have prohibited counsel from meeting with and meaningfully communicating with Mr. Flores in preparation for the hearing. Mr. Flores is expected to testify at the hearing. His placement at his residence, on conditions of release, will allow for greater ability for counsel to communicate with and potentially meet with Mr. Flores to prepare for this hearing.

7.      As the Supreme Court held in *United States v. Salerno*, 481 U.S. 739, 755 (1987), "In our society liberty is the norm, and detention prior to trial . . . is the carefully limited exception." This presumption of release is encapsulated in the bail statute, 18 U.S.C. § 3142. Congress's purpose in enacting the Bail Reform Act of 1984 was to detain a small but identifiable group of particularly dangerous defendants. Accordingly, the statute states that the Court "shall order" pretrial release, 18 U.S.C. § 3142(b), except in certain narrow circumstances. Even if the Court determines under 18 U.S.C. § 3142(c) that an unsecured bond is not sufficient, the Court "shall order" release subject to "the least restrictive further conditions," that will "reasonably assure," not definitively guarantee, the defendant's appearance at court and the safety of the community. 18 U.S.C. § 3142(c)(1). The Court may only detain a defendant as a danger to the community if it finds, by clear and convincing evidence, that there is no combination of

4

conditions that will reasonably assure the safety of the community. 18 U.S.C. § 3142(e), (f).

8.     Mr. Flores proposes the following specific conditions should the court grant this motion:

1. Ms. Carla Galvan as third party custodian.

2. Home detention with electronic monitoring.

3. No possession of a firearm or controlled substances.

4. Report to Pretrial Services as directed.

5. Remain in the Northern District of Illinois.

6. Follow all State of Illinois and City of Chicago coronavirus directives including stay at home advisories and orders.

7. Participate in any mental health or substance abuse programs as determined appropriate by Pretrial Services.

For all these reasons, Mr. Flores, respectfully requests this Court, pursuant to 18 U.S.C. § 3142(c), to order his release on the above conditions and any additional conditions deemed appropriate by this court.

Respectfully submitted,

FEDERAL DEFENDER PROGRAM
John F. Murphy
Executive Director

By: *Piyush Chandra*
    Piyush Chandra
    Counsel for Jose Flores

PIYUSH CHANDRA
FEDERAL DEFENDER PROGRAM
55 E. Monroe St., Suite 2800
Chicago, IL 60603
(312) 621-8337

6

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, <u>Piyush Chandra</u>, attorney with the Federal Defender Program hereby certifies that in accordance with FED.R.CRIM. P. 49, FED. R. CIV. P5, LR5.5, and the General Order on Electronic Case Filing (ECF), the following document(s):

EMERGENCY MOTION
FOR PRETRIAL RELEASE ON CONDITIONS

was served pursuant to the district court's ECF system as to ECF filings, if any, and were sent by first-class mail/hand delivery on <u>April 9, 2020</u>, to counsel/parties that are non-ECF filers.

Judith Lesch
United States Probation Office
230 S. Dearborn St., Suite 3400
Chicago, IL 60604

FEDERAL DEFENDER PROGRAM
John F. Murphy
Executive Director

By:  <u>s/Piyush Chandra</u>
Piyush Chandra

PIYUSH CHANDRA
Federal Defender Program
55 E. Monroe St., Suite 2800
Chicago, IL   60603
(312) 621-8337