## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| IN RE: EMERGENCY MOTIONS DURING CORONAVIRUS COVID-19 PUBLIC EMERGENCY | )<br>)<br>) |
| | ) No. 19 CV 1792 |
| UNITED STATES v. REIQUON GAINES, | )<br>)<br>) |
| Case No. 20 CR 00038 | ) |

**EMERGENCY MOTION TO RECONSIDER PRETRIAL RELEASE**

Now comes Defendant, Reiquon Gaines, by and through his Attorney, Jeffrey J. Levine, and in compliance with Paragraph 5 of the Court's Second Amended General Order and for his Amended Motion to Reconsider Pretrial Release, states as follows:

Procedural History

1. Counsel was appointed in January of 2020, to represent Mr. Gaines pursuant to the Criminal Justice Act. Mr. Gaines is presently being held in custody at the Metropolitan Correctional Center in Chicago, Illinois. On April 8, 2020, counsel filed an Amended Motion to Reconsider Pretrial Release before Judge Steven C. Seeger and files the instant motion in compliance with Paragraph 5 of the Court's Second Amended General Order.

2. Mr. Gaines is charged with one count of bank robbery by force or violence, in violation of 18 U.S.C. 2113(a) and (f). The charge carries a maximum penalty of 20 years imprisonment.

3. On January 27, 2020, Magistrate Gabriel A. Fuentes ordered that the government had established, by a preponderance of the evidence, that no condition or set of conditions of release will reasonably assure the appearance of the defendant in court as required. The Magistrate did not make any finding with regard to safety of the community. *See*: Documents 12 and 13 in case No. 20 CR

00038.

4. On February 24, 2020 a status hearing in case No. 20 CR 00038, was set for April 1, 2020, before this Judge Seeger.

5. Defendant, on March 23, 2020, moved to dismiss the indictment as there appears to be no evidence that Mr. Gaines utilized force or violence. *See*: Document 32 in case No. 20 CR 00038. Absent such evidence, this Court would not have jurisdiction over the alleged crime.

6. On March 23, 2020, Defendant also filed a Motion for Pretrial Release based on the Corona virus. *See*: Document No. 35 in case No. 20 CR 00038. Defendant filed an Amended Motion on April 8, 2020 in that case.

7. As a result of the COVID-19 virus and subsequent orders entered by the Chief Judge, on March 31, 2020, this Court continued the April 1, 2020 status to May 20, 2020. It is foreseeable that the scheduled status will also be continued.

8. On April 3, 2020, United States Attorney General directed the Bureau of Prisons to prioritize the use of home confinement to combat the dangers that the COVID-19 virus poses to inmates. The memo further directed the Bureau of Prisons to make "careful, individualized determinations" in its review of inmates and immediately process them for transfer to home confinement. *See*: 04/03/20 Barr Memo to Director B.O.P.

9. On April 5, 2020, the Bureau of Prisons announced they would institute a comprehensive management approach and review all inmates in order to protect the health and welfare of those inmates entrusted to its care. As of that date, almost 200 B.O.P. inmates and staff have tested positive for the virus and eight inmates have perished as a result of the virus.

Congressional Intent

10. With the wide range of conditions available to reasonably assure a defendant's

appearance at trial, Congress intended that very few defendants would be subject to pretrial detention. 18 U.S.C. § 3142 requires the least restrictive conditions of release. *United States v. Orta*, 760 F.2d 887 (8th Cir. 1985). Only if the government demonstrates by a preponderance of evidence that no conditions will assure a defendant's appearance at trial, can a defendant be detained. *United States v. Chimurenga*, 760 F.2d 400 (2nd Cir. 1985).

Legal

11. 18 U.S.C. § 3142(b) requires that a defendants be released unless he represents a serious flight risk or a danger to the community. In making a determination on pre-trial release a District Court should independently consider the facts. No deference should be given to previous legal conclusions made by a Magistrate. *United States v. Koenig*, 912 F.2d 1190 (9th Cir. 1990). The District Court may also consider new evidence brought to its attention. 18 U.S.C. § 3142(f). In such a circumstance, the statute requires that a District Court engage in independent fact finding. *United States v. Hurtado*, 779 F.2d 1467 (11th Cir. 1985).

Medical Issues

12. The United States is presently experiencing a viral pandemic for which it is woefully unprepared. Mr. Gaines, a detainee at the Metropolitan Correctional Center in Chicago is presently in great danger of infection as he is housed with numerous other inmates at a close proximity.

13. Neither prison officials, the medical community nor the government appear able to adequately respond to the medical requirements of the community.

14. It is not believed that the government is in a position to provide for Mr. Gaines' adequate care should he become infected with the virus. The Court may consider a defendant's ability to obtain adequate medical care in determining whether to release a detainee. *United States v. Bencomo-Chacon*, 2007 WL 2021850 (D. Colo. 2007).

Nature and Circumstances of the Alleged Offense

15. The government is in possession of photographs of the alleged bank robbery. Although a crime of violence as defined by 18 U.S.C. § 3156(a)(4), has been alleged, the report by the agent appears to indicate that Mr. Gaines did not utilize or threaten violence. Mr. Gaines has also been charged with violations of supervised release as a result of past convictions and has an outstanding case pending in DeKalb County, in essence allegations of traffic violations and possession of 1.5 grams of marijuana, a substance no longer illegal in the State of Illinois.

History and Character of Defendant and Ties to Family and Community

16. Mr. Gaines is a young man with addiction problems. Marijuana appears to be his drug of choice. His family resides in Chicago and he has a young daughter. He has no history of utilizing violence.

Serious Risk of Flight

17. The government has not adequately demonstrate a serious threat of flight by a preponderance of the evidence. *See: United States v. Jamal*, 285 F.Supp.2d 1221 (D. Ariz. 2003). The mere fact that the government has charged a serious offense will not justify detention. *United States v. Eischeid,* 315 F.Supp. 1033 (D. Ariz. 2003); *United States v. Giordana*, 370 F.Supp.2d 1256 (S.D. Fla. 2005).

18. Mr. Gaines intends to contest the criminal charges as he maintains that he did not utilize violence or a threat of violence.

Extended Nature of Pretrial Detention

19. As a result of the Corona virus pandemic, the District Court has continued most all matters. Hearings and trials are not proceeding as scheduled. It is axiomatic that any resolution of Mr. Gaines' case will not be for an extended period of time. Mr. Gaines is not seeking to avoid

responsibility for his actions. However, the allegations should not result in him being subject to a serious health risk as a result of the pending case.

Argument

20. Defendant maintains that he is neither a risk of flight nor a danger to the community. Mr. Gaines is 23 years old. If he is convicted in this matter and receives the maximum sentence, he would be available to be released at age 40. A reduction in the scope of Mr. Gaines pretrial detention should be imposed as his current situation exposes him to extreme risk which is not warranted in the current circumstances.

21. To continue to detain Mr. Gaines and take a chance as to his potential exposure when other means are available to ensure his appearance in court, is contrary to the dictates of the Eighth Amendment to the U.S. Constitution which precludes infliction of cruel and unusual punishments. To continue to detain Mr. Gaines and risk his potential exposure when other means are available to ensure his appearance in court, is contrary to the dictates of the Eighth Amendment to the U.S. Constitution which precludes infliction of cruel and unusual punishments.

22. While Mr. Gaines does not have significant risk factors for the COVID-19 virus, neither has he been convicted of any crime. His continued detention must now be weighed against circumstances that put him at risk of serious illness and death. Due to the unprecedented spread of the virus and the potentially lethal dangers posed to the prison population, all inmates and detainees are at serious risk for contracting the COVID-19 virus.

23. Mr. Gaines' situation, as a pretrial detainee, should be subject to the least restrictive conditions of release. Presently, there is no guaranteed timetable for a resolution of the pending charges. Further, the Magistrate's January 7, 2020, determination, that there was no condition or set of conditions of release which would reasonably guarantee the appearance of the defendant in court,

was made prior to the full understanding of the nature and extent of the virus.

24. Mr. Gaines can be detained under house arrest procedures which would allow him to appear for any court appearances that the District Court may subsequently schedule. Mr. Gaines can conform to the dictates of home detention and reside with his family until such time as the resolution of the charges herein.

25. While defendant acknowledges that he has involvement with other pending matters, his past criminal history and the instant case do not involve any use or threat of violence. His outstanding State charges are largely alleged violations regarding driving and marijuana.

Wherefore, for the above and forgoing reasons, Defendant Reiquon Gaines prays that his Emergency Motion to Reconsider Pretrial Release be granted and that he be released to house arrest or for such further and additional relief as this Court deems just and equitable.

Respectfully submitted,

/s/ Jeffrey J. Levine
JEFFREY J. LEVINE, attorney for the
Defendant Reiquon Gaines

JEFFREY J. LEVINE,
1 South Wacker Drive, Suite 3140
Chicago, Illinois 60606
(312) 372-4600

Dated: April 13, 2020