IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | 19 CR 346 |
| v. | ) | |
| | ) | Hon. Edmond E. Chang |
| TREVON WILLIAMS | ) | *Emergency Judge:* |
| | ) | Rebecca R. Pallmeyer |

## DEFENDANT'S EMERGENCY MOTION FOR PRETRIAL RELEASE

Defendant Trevon Williams, by his attorney, Maria Teresa Gonzalez, respectfully requests that this Court order him released from custody pursuant to the Bail Reform Act and the Fifth Amendment's Due Process Clause. The Bail Reform Act carries a presumption of release in cases like this one, as neither of the two presumptions of detention described in § 3142(e) of the Bail Reform Act apply. Conditions of release exist that will reasonably assure his appearance and safety of the community.

Mr. Williams respectfully requests that this Court set a detention hearing for the end of next week and order Pretrial Services to prepare a Pretrial Services Report. After a detention hearing is held, Mr. Williams should be released on the conditions listed at the end of this motion. In support of this motion, Mr. Williams states as follows:

## I.      Procedural Background

On April 23, 2019, Mr. Williams was charged by indictment with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (Docket No. 1.) On May 1, 2019, the Federal Defender Program was appointed to represent Mr. Williams and Staff Attorney Candace R. Jackson filed hear appearance. (Docket No. 9, 11.) This Court held an initial appearance and arraignment where Mr. Williams entered a plea of not guilty. (Docket No. 9.)

The government sought detention and Mr. Williams waived his rights to a detention hearing without prejudice. (*Id.*) On October 8, 2019, a grand jury returned a superseding indictment in light of *Rehaif*. (Docket No. 19.) An arraignment was held on the superseding indictment on October 31, 2019 and Mr. Williams entered a plea of not guilty. (Docket No. 23.) On January 17, 2020, the undersigned filed her appearance. (Docket No. 25.)

Mr. Williams has been in federal custody since May 1, 2019. The instant motion is his first request for release since his arrest date.

## II.    Conditions of Release Exist That Will Reasonably Assure Mr. Williams' Appearance and Safety to the Community

With detention as the exception, the Bail Reform Act carries a presumption of release for the majority of defendants. *See* 18 U.S.C. § 3142(d)–(e). The statute's default standard of release states that the judge "shall order the pretrial release of the person on personal recognizance … unless" such release will not reasonably assure the defendant's appearance in court and the safety of the community. *See* 18 U.S.C. § 3142(b). The government must prove by "clear and convincing evidence" that there are no conditions of release that will "reasonably assure" the safety of the community. 18 U.S.C. § 3142(f). Under Mr. Williams' circumstances, conditions exist that will reasonably assure his appearance and the safety of the community. Thus, the court "shall order pretrial release" of Mr. Williams "subject to *the least restrictive* further condition, or combination of conditions that … will reasonably assure the appearance of the person … and the safety of any other person and the community." 18 U.S.C. § 3142(c)(1)(B) (emphasis added).

Mr. Williams is not a flight risk and is not a danger to the community. There are conditions that will assure his appearance and safety to the community. Mr. Williams proposes the following conditions:

- Third-party custodianship to either his mother, Karen Williams, or his aunt, Beverly Vivians.[1]
- Submit to supervision by and report for supervision to Pretrial Services
- Not obtain a passport or other international travel document
- Travel restriction to the Northern District of Illinois
- Not possess a firearm, destructive device, or other weapon
- Not use or unlawfully possess a narcotic drug or other controlled substance unless prescribed by a licensed medical practitioner
- Home incarceration
- Report any law enforcement contact to Pretrial Services

The government continues to seek Mr. Williams' detention. In the event this Court were to release Mr. Williams, the government will be asking the Court to order Mr. Williams be quarantined for 14 days. If Mr. Williams is released, he is willing to self-quarantine at his mother or aunt's house.

## III.   Conclusion

For these reasons, Mr. Williams respectfully requests that this Court set a detention hearing for the end of next week and order Pretrial Services to prepare a Pretrial Services Report.

---

[1] The undersigned will provide Pretrial Services with the contact information for the proposed third-party custodians.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, <u>Maria Teresa Gonzalez</u>, an attorney with the Federal Defender Program hereby certifies that in accordance with FED.R.CRIM. P. 49, FED. R. CIV. P5, LR5.5, and the General Order on Electronic Case Filing (ECF), the following document(s):

### <u>DEFENDANT'S EMERGENCY MOTION FOR PRETRIAL RELEASE</u>

was served pursuant to the district courts ECF system as to ECF filings, if any, and were sent by first-class mail/hand delivery on <u>April 17, 2020</u>, to counsel/parties that are non-ECF filers.

By: */s/ Maria Teresa Gonzalez*
MARIA TERESA GONZALEZ
FEDERAL DEFENDER PROGRAM
55 E. Monroe Street
Suite 2800
Chicago, IL 60603
(312) 621-8300