IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 19 CR 635 |
| v. | ) | Judge Gary S. Feinerman |
| | ) | |
| RAFAEL RODRIGUEZ | ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT'S RENEWED MOTION FOR PRETRIAL RELEASE

Defendant, **Rafael Rodriguez**, by and through his attorneys, **the Law Office of Damon M. Cheronis**, pursuant to 18 U.S.C. §§ 3141 and 3142, as well as the Due Process and Effective Assistance of Counsel clauses of the Fifth and Sixth Amendment to the Constitution of the United States, respectfully moves this Court to authorize his pretrial release subject to the least restrictive conditions necessary to ensure his appearance at future court proceedings and the safety of the community. As will be discussed, since Judge Kennelly, as the acting Emergency Judge at the time, issued an order denying Mr. Rodriguez's motion for review of the magistrate judge's detention order and for pretrial release (Dkt. # 57) without prejudice. Mr. Rodriguez has since contracted COVID-19 while housed at the MCC Chicago. Mr. Rodriguez is a 56-year-old man and as a result of his condition, his family is willing to rent him an apartment nearby in Northwest Indiana where they reside. Therefore, he respectfully renews his request for pretrial release.

In support of this motion, Mr. Rodriguez, through counsel, states the following:

**I.     Background**

1. On August 8, 2019, a criminal complaint was filed in this matter charging Mr. Rodriguez with possessing with the intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1). Dkt. # 1.

2. On August 27, 2019, the grand jury returned an indictment charging Mr. Rodriguez with possessing with the intent to distribute 100 grams or more of heroin, 40 grams of fentanyl, and a quantity of cocaine base, in violation of 21 U.S.C. § 841(a)(1). Dkt. # 12. The government set forth in the indictment and since filed a notice to seek an enhanced sentence pursuant to 21 U.S.C. § 851. Dkt. # 19.

3. On August 28, 2019, a detention hearing was held. At the conclusion of the hearing, Magistrate Judge Valdez ordered Mr. Rodriguez detained as both a danger and a flight risk. *Id.* at p. 15. The Court noted that this case "is a bit of a close call, but it turns out it's not that close . . . because of the rebuttable presumption." *Id.*

4. On April 15, 2020, Mr. Rodriguez filed a motion for review of Magistrate Judge Valdez's detention order and for pretrial release. Dkt. # 57. That motion was denied by then-acting emergency Judge Kennelly without prejudice. Dkt. # 58.

**II.    Discussion**

5. In our society, liberty is the norm and pretrial detention is the carefully limited exception. *United States v. Salerno*, 481 U.S. 739, 755 (1987). Thus, judicial officers must bear in mind that the "'passage of the pretrial detention provision of the [Bail Reform Act] did not . . . signal a congressional intent to incarcerate wholesale the category of accused persons awaiting trial.' Rather, Congress was demonstrating its concern about a small but identifiable group of individuals

as to whom pretrial release is inappropriate." *United States v. Westbrook*, 780 F.2d 1185, 1189 (5th Cir. 1986) (quoting *United States v. Orta*, 760 F.2d at 890). Any doubts therefore regarding the propriety of issuing bond should always be resolved in favor of the defendant. *United States v. Herzog*, 75 S. Ct. 349, 351 (1955) ("[b]ail is basic to our system . . . . Doubts whether it should be granted or denied should always be resolved in favor of the defendants") (citing *United States v. Motlow*, 10 F.2d 657 (7th Cir. 1926)).

6. Counsel has learned that recently—sometime subsequent to his April 15, 2020 motion for pretrial release—Mr. Rodriguez contracted COVID-19 while housed at the MCC Chicago. Mr. Rodriguez is now 56-years-old and has a history of alcoholism. His family is willing to rent an apartment for him in nearby Northwest Indiana, approximately 20 miles from the Courthouse. Of course, he and counsel would have no objection if the Court were to stay any release order until an apartment has been arranged, verified, and approved by pretrial services. His sons reside in that area, and would likewise be willing to co-sign a bond and serve as a third-party custodian.

### III. Conclusion

7. For the reasons set forth herein, Mr. Rodriguez respectfully renews his motion for pretrial release, and asks that the Court order as much in accordance with the least restrictive conditions that this Court deems necessary to ensure his appearance and the safety of the community.

Respectfully submitted,

/s/ Damon M. Cheronis
**Damon M. Cheronis**

/s/Ryan J. Levitt
**Ryan J. Levitt,**
Attorneys for Defendant.

**Law Office of Damon M. Cheronis**
140 S. Dearborn Street Suite 411
Chicago, IL 60603
(312) 663-4644
damon@cheronislaw.com
ryan@cheronislaw.com

4

## CERTIFICATE OF SERVICE

I, Damon M. Cheronis, hereby certify that on June 3, 2020, I electronically filed the foregoing **Defendant's Renewed Motion for Review of the Magistrate's Detention Order and for Pretrial Release** with the Clerk of the U.S. District Court for the Northern District of Illinois, Eastern Division, by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

                                                  s/ Damon M. Cheronis
                                                  Damon M. Cheronis
                                                  Law Office of Damon M. Cheronis
                                                  140 S. Dearborn Street Suite 411
                                                  Chicago, Illinois 60603
                                                  (312) 663-4644
                                                  damon@cheronislaw.com