IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 18 CR 628 |
| vs. | ) | |
| | ) | Hon. Harry D. Leinenweber |
| THOMAS HOUSER, | ) | |
| | ) | No. 20 CV 01792 |
| Defendant. | ) | |

**DEFENDANT'S EMERGENCY MOTION
FOR RELEASE ON CONDITIONS**

Defendant Thomas Houser, by his undersigned lawyer and pursuant to 18 U.S.C. § 3142, moves the Court for release on conditions from the Metropolitan Correction Center ("MCC") in light of serious medical conditions that significantly heighten his risk of an adverse outcome if infected with the COVID-19 virus. This motion would have been filed before now but for a regrettable error on counsel's part in failing, earlier, to recognize, and act on, the need for such a motion in light of Houser's health history.

In support of his motion, the defendant states the following:

*Background*

1. *Nature and Status of Case*. Houser, who is 41 years old, was charged by indictment on September 26, 2018, with committing four felon-in-possession offenses (18 U.S.C. § 922(g)(1)) in December of 2017 and March and April of 2018. *See* Dkt. #1. Each of the charged offenses involved the alleged sale of a single firearm to a confidential informant or undercover agent. Following Houser's

arrest on October 1, 2018, he initially waived "his right to a detention hearing without prejudice to raising the issue at a later date." Dkt. #9. At the time, he was in the midst of a divorce proceeding and his living circumstances were unsettled. Subsequently, Houser filed a Motion For Pretrial Release On Conditions (Dkt. #31), which was denied by Magistrate Judge Jeffrey Cummings on September 7, 2019. *See* Dkt. #37. A change-of-plea hearing is scheduled for October 7, 2020. *See* Dkt. #58.

2. *Medical Conditions.* Two medical conditions are relevant:

(1) Houser has coronary artery disease (CAD), which resulted, in 2018, in a heart attack and insertion of a stent.[1] "Severe CAD" runs in Houser's family: both parents had heart attacks "before 50"; his "siblings all have had the disease at an early age"; his "sister had [a] heart attack at age 42 and multiple stents."[2] "[B]oth parents died of complications of CAD: Mom (59) & Dad (52)."[3]

(2) Houser also has "Type 2 diabetes mellitus."[4]

---

[1] *See* separately filed Exhibit A (medical record) at A-1, A-2, and A-4 ("myocardial infarction," "bare metal stent"); Exhibit B (medical record) at B-1 ("premature CAD – severe s/p MI 2018 w/ PCI x 1"); Exhibit D (medical record) at E-1 ("microvascular disease/CAD"; "CAD: s/p STEMI/AWMI s/ PCI AUG 2018").

[2] Quoting separately filed Exhibit A (medical record) at A-1.

[3] Quoting separately filed Exhibit B (medical record) at B-1.

[4] Quoting separately filed Exhibit B (medical record) at B-5.

Both "coronary artery disease" and "Type 2 diabetes mellitus" put Houser "at increased risk of severe illness from COVID-19." Centers for Disease Control and Prevention, "Coronavirus Disease 2019 (COVID-19): People with Certain Medical Conditions" (Updated Aug. 14, 2020).[5]

 3. *Proposed Conditions of Release*. We ask that Houser be released from the MCC to live with his sister (Isa Houser) and her fiancée (Reese O'Neil), who reside in Hammond, Indiana, and are willing to serve as third-party custodians.[6] Of course, various other conditions, including location monitoring, could also be imposed if deemed appropriate.

*Argument*

 4. Houser should be released from the MCC on conditions because, we submit, whatever concerns may have been deemed sufficient to warrant his detention pre-pandemic are now substantially outweighed by the grave health risks of continued confinement in light of his "underlying medical conditions." Centers for Disease Control and Prevention, "Coronavirus Disease 2019 (COVID-19): People with Certain Medical Conditions," (Updated Aug. 14, 2020).[7] In support of our position, we note the following:

  a. For Houser the risk of infection from the COVID-19 virus is not merely a hypothetical possibility. He recently tested positive for the virus

---

[5] < https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html>.

[6] *See* Pretrial Services Report, Addendum 9/9/19 at 1.

[7] < https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html>.

at the MCC, where he was quarantined until subsequently testing negative.[8] Fortunately, he did not suffer serious observable symptoms during this bout of illness.[9] Unfortunately, however, this bout of illness does not provide any reasonable assurance that he will not be reinfected.[10] For their part, MCC medical personnel deem Houser susceptible to reinfection; upon his recent return to the jail after receiving off-site medical treatment, they placed him in quarantine.[11] Nor does this bout of illness provide any reasonable assurance that Houser's symptoms would not be more severe if reinfected.[12]

      b. At sentencing, we expect to ask the Court to consider a disposition that would involve no additional confinement beyond the nearly two years that Houser has already served, in light of, among other things, (1) the seemingly unavoidable risks of reinfection and resulting severe illness or

---

[8] *See* separately filed Exhibit C (medical record) and Exhibit D (medical record).

[9] *See* separately filed Exhibit C (medical record) and Exhibit D (medical record).

[10] *See, e.g.,* James Myhre & Dennis Siffris, MD, "Will You Be Immune to COVID-19 If You Get Infected," https://www.verywellhealth.com/covid-19-reinfection-or-immunity-5072983 (Aug. 7, 2020) ("It is currently unknown how long a person infected with COVID-19 is immune to future infection. Immunity appears to be greater in people who are symptomatic compared to those who are asymptomatic (symptom-free)."); Apoorva Mandavilli, "First Documented Coronavirus Reinfection Reported in Hong Kong," N.Y. Times, https://www.nytimes.com/2020/08/24/health/coronavirus-reinfection.html (Aug. 24, 2020) ("[I]t's unclear how often people might become reinfected, and how soon, after a first bout with the virus.").

[11] *See* separately filed Exhibit F (medical record).

[12] *See* Apoorva Mandavilli, note 10, *supra* (It's "possible that in some people, a second exposure will prove more severe.")

4

death; (2) the fact that this period of confinement is already longer than any previously served; and (3) Houser's reduced life expectancy in light of his serious medical conditions and a family history where both parents died of complications from coronary artery disease in their 50s.

                                            Respectfully submitted,

                                            <u>s/Richard H. McLeese</u>
                                            Lawyer for Thomas Houser

Richard H. McLeese
53 W. Jackson Blvd., Suite 1615
Chicago, IL 60604
312/492-7273
312.268.6291 (fax)
rmcleeselaw@aol.com

## CERTIFICATE OF SERVICE

    The undersigned lawyer hereby certifies that service of the above document was made through the district court's ECF system to opposing counsel on August 28, 2020.

                                                   s/Richard H. McLeese
                                                   Lawyer for Thomas Houser